IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 4:18CR3058 |
| vs. | |
| FELIPE GENAO MINAYA, | ORDER |
| Defendants. | |

Defendant Minaya has moved to supplement the evidence and re-open the hearing on his motion to suppress. ([Filing No. 73](#)). Minaya claims that following the hearing, his counsel reviewed "a citation/inspection of driver summary issued to Mr. Minaya for failing to speak or write the English language." ([Filing No. 73, at CM/ECF p. 2](#)). Minaya claims this evidence contradicts any claim by Trooper Samuel Mortensen (Mortensen) that Minaya consented to a search of the truck and trailer at issue.

In recommending that the motion to suppress be denied, the undersigned magistrate judge acknowledged that Minaya speaks Spanish and a language barrier existed between Mortenson and Minaya during the traffic stop. ([Filing No. 68, at CM/ECF p. 12](#)). Notwithstanding this barrier, the court found a "reasonable officer in Mortensen's position would have believed that . . . Minaya . . . voluntarily consented to a search of the truck and trailer." ([Filing No. 68, at CM/ECF 12](#)). This finding was based on thoroughly reviewing of the video, audio, and documentary evidence offered at the hearing. The court found that "[w]hile Mortensen, at times, had to repeat or rephrase his inquiries, the defendants provided appropriate responses on a comprehensive range of topics throughout the traffic stop, indicating they were able to communicate in English." Id.

Mortensen may have cited Minaya for failing to speak or write the English language as required under DOT law and regulations. However, the standard justifying that citation does not equate with being unable to speak and understand enough English during a roadside stop to validly consent to a vehicle search or to support an officer's reasonable belief that a knowing and voluntary consent was provided.

Accordingly,

IT IS ORDERED that Defendant Minaya's motion to supplement the evidence and re-open the hearing on his motion to suppress. ([Filing No. 73](#)), is denied.

Dated this 11th day of April, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge